FILED

16 DEC -8 PM 1:40

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY     ML   DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BART D. KIMBER,<br><br>   Plaintiff,<br><br>v.<br><br>TRACY GRANT, et al.,<br><br>   Defendant. | Case No.: 3:16-cv-01472-BEN-AGS<br><br>**ORDER GRANTING MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT** |

Before this Court is a Motion for Relief from Clerk's Entry of Default, filed by Defendants Tracy Grant et al. (Docket No. 18.) The Motion is unopposed. The Court finds the Motion suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

On June 14, 2016, Plaintiff Bart D. Kimber filed a Complaint against Defendants (the United States of America and ten individual federal employees or officers), containing twelve claims for relief related to his allegations of invasion of privacy, wrongful termination, employment discrimination, Civil Rights violations, negligent infliction of emotional distress, "reverse sexual discrimination," and Americans with Disabilities Act ("ADA") violations. (Docket No. 1.) In Plaintiff's 61-page Complaint, he alleges that, in June 2006, he was wrongfully terminated from his employment as a

1  firefighter with the Camp Pendleton Fire Department. (Compl.) According to Plaintiff,
2  beginning in June 2003, after he declined Defendant Tracy Grant's invitation to engage in
3  sexual relations, she and Defendant Dean King created a hostile work environment for
4  him. (*Id.*) Plaintiff more generally alleges that all of the Defendants' acted in some way
5  to conspire to invade his privacy, engage in employment discrimination, violate his Civil
6  Rights, and violate the ADA, resulting in his wrongful termination and ongoing
7  emotional distress. (*Id.*)
8      Plaintiff claims he had the following Defendants personally served:
9      A) Defendant Dean King at an Oceanside, California address on July
10     26, 2016 (Docket Nos. 3, 13);
11     D) Defendant Timothy Nicholas at an Escondido, California address
12     on July 28, 2016 (Docket Nos. 4, 14);
13     C) Defendant Felicia Baker at a Fallbrook, California address on July
14     27, 2016 (Docket No. 6);
15     D) Defendant United States of America at the District Attorney's
16     Office in San Diego on August 30, 2016 (Docket No. 7);
17     E) Defendant Jaylynn Peterson at the Attorney General's office in
18     Washington D.C. on July 29, 2016 (Docket No. 8.);
19     F) Defendant Madu Paradcharam at the Attorney General's office in
20     Washington D.C. on July 29, 2016 (Docket No. 9.);
21     G) Defendant Jay Smith at the Attorney General's office in
22     Washington D.C. on July 29, 2016 (Docket No. 10.);
23     H) Defendant Tracy Grant at Fire Station 4 in Camp Pendleton,
24     California on September 9, 2016 (Docket No. 11); and
25     I) Defendant Timothy Hoover at an Amarillo, Texas address on July
26     26, 2016. (Docket No. 15.)
27 Plaintiff also claims he had Defendant Ray Mabus served by substituted service at
28 a Washington D.C. address on July 29, 2016. (Docket No. 12.)

On November 9, 2016, Plaintiff requested the Clerk's entry of default against Defendants Mabus, Hoover, Smith, Baker, Paradcharam, Grant, Peterson and the United States of America. (Docket No. 16.) The Clerk entered default on November 15, 2016. (Docket No. 17.) On November 16, 2016, Defendants filed the instant Motion for Relief from Clerk's Entry of Default. (Docket No. 18.)

## DISCUSSION

Defendants ask the Court to set aside the Clerk's entry of default because they were not properly served and good cause exists for relief.

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." The standard for determining good cause under Rule 55(c) is the same as that under Rule 60(b). *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) [hereinafter *Mesle*]. "To determine 'good cause,' a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *Id.* (internal quotation marks omitted). However, courts should decide cases on the merits whenever possible. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

A. <u>Culpable Conduct</u>

A defendant is not culpable simply for choosing not to answer a complaint. *Mesle*, 615 F.3d at 1092. Culpable conduct is shown by an "intention to take advantage of the opposing party, interfere with judicial decision[-]making, or otherwise manipulate the legal process." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (overruled on other grounds).

Here, Defendants assert they did not respond to the Complaint because they were not properly served. (Mot. at 3-4.) Plaintiff did not oppose the Motion or submit any evidence that Defendants acted in bad faith to the Court. Thus, Defendants did not engage in culpable conduct.

3

B. Meritorious Defense

When deciding whether a defendant has a meritorious defense, courts look to see if the defendant has alleged "sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094.

Defendants assert they were not required to respond to Plaintiff's Complaint because Plaintiff did not properly serve them. As alleged by Plaintiff in his complaint, Defendants include the United States of America and ten of its officers or employees, sued in their official and individual capacities. (Docket No. 1.) Under Rule 4(i) of the Federal Rules of Civil Procedure, a plaintiff must fulfill specific requirements when serving the United States, its agencies, officers or employees. Fed. R. Civ. P. 4(i). To properly serve the United States of America, a plaintiff must serve the summons and complaint pursuant to the methods specified by Rule 4(i)(1) on the following: (1) the United States Attorney for the district where the action is brought; (2) the Attorney General in Washington, D.C.; and, (3) if the action challenges an order of a nonparty agency or officer of the United States, the agency or officer. Fed. R. Civ. P. 4(i)(1).

To properly serve a United States officer or employee sued in his or her official capacity, a plaintiff must serve the summons and complaint pursuant to the methods specified by Rule 4(i)(2) on the following: (1) the United States (*i.e.*, the United States Attorney *and* the Attorney General) and (2) the federal agency, officer or employee. Fed. R. Civ. P. 4(i)(2). To properly serve a United States officer or employee sued in his or her individual capacity, a plaintiff must serve a copy of the summons and complaint on (1) the United States (*i.e.*, the United States Attorney *and* the Attorney General) and (2) the officer or employee sued individually pursuant to Rule 4(e), (f), or (g). Fed. R. Civ. P. 4(i)(3).

The Court has reviewed the returned Summons (Docket Nos. 3-4, 6-15). None of the returned Summons for the individual officers or employees appears to demonstrate compliance with Rules 4(i)(2) or 4(i)(3). Similarly, the returned Summons for the United States of America does not appear to comply with Rule 4(i)(1). As stated above, the

1 | Court need not determine whether these facts are true, only whether the alleged facts are
2 | sufficient to constitute a defense. *See Mesle*, 615 F.3d at 1094. Accordingly, the Court
3 | finds Defendants have presented sufficient evidence to constitute a defense.

4 | C. Prejudice to Plaintiff

5 | Prejudice is shown by some "greater harm than simply delaying resolution of the
6 | case." *TCI Grp., supra*, 244 F.3d at 701. "The standard is whether [the plaintiff's]
7 | ability to pursue his claim will be hindered." *Falk, supra*, 739 F.2d at 463.

8 | Here, it appears Plaintiff acknowledges his claims may be barred by the statute of
9 | limitations as his Complaint requests the Court "allow equitable tolling of the statute of
10 | limitations." (Compl. at 12.) As stated above, Plaintiff did not oppose the Motion, or
11 | submit any evidence of prejudice to the Court. As a result, it does not appear to the Court
12 | that setting aside the Clerk's entry of judgment would hinder Plaintiff's ability to pursue
13 | his claims.

14 | The good cause factors support Defendants' position that relief from default is
15 | appropriate.

## CONCLUSION

Defendants' Motion is **GRANTED**. The Clerk's entry of default is set aside.

**IT IS SO ORDERED.**

DATED: December 07, 2016

HON. ROGER T. BENITEZ
United States District Judge