FILED
17 MAR -6 AM 9: 13
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BART D. KIMBER,<br><br>      Plaintiff,<br><br>v.<br><br>TRACY GRANT et al.,<br><br>      Defendants. | Case No.: 3:16-cv-01472-BEN-AGS<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR PRELIMNARY INJUCTION;**<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL; and**<br><br>**(3) DENYING MOTION TO AMEND COMPLAINT** |

  Pending before the Court are the Motions for Injunctive Relief, Appointment of Counsel, and to Amend the Complaint filed by Plaintiff Bart Kimber. (Docket Nos. 27, 37, 39.) The Court finds the Motion suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, each Motion is **DENIED**.

## BACKGROUND

  Plaintiff filed a Complaint against Defendants (the United States of America and ten individual federal employees or officers), containing twelve claims for relief related to his allegations of invasion of privacy, wrongful termination, employment

1

discrimination, Civil Rights violations, negligent infliction of emotional distress, "reverse sexual discrimination," and Americans with Disabilities Act ("ADA") violations. (Docket No. 1.)

Plaintiff's 61-page Complaint alleges that, in June 2006, he was wrongfully terminated from his employment as a firefighter with the Camp Pendleton Fire Department. (Compl.) According to Plaintiff, beginning in June 2003, after he declined Defendant Tracy Grant's invitation to engage in sexual relations, she and Defendant Dean King created a hostile work environment for him. (*Id.*) Plaintiff more generally alleges that all of the Defendants' acted in some way to conspire to invade his privacy, engage in employment discrimination, violate his Civil Rights, and violate the ADA, resulting in his wrongful termination and ongoing emotional distress. (*Id.*)

## DISCUSSION

### A.   Motion for Injunctive Relief

Plaintiff filed a Motion for Injunctive Relief alleging Defendant Jalynn Peterson is presently "denying Plaintiff the right to work by concealing, losing, or destroying his Official Personal File (OPF)." (Docket No. 27 at 2.) He seeks an order: (a) requiring Defendant Jalynn Peterson to either produce Plaintiff's Official Personnel File or admit that she concealed, lost or destroyed it; (b) payment for lost wages, benefits, creditable service, and interest; and (c) "Sanction Punitive Actions against Defendants to Halt their Discriminatory practices, and award restitution to Plaintiff to make him whole [sic]." (*Id.* at 4.)

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "The first factor under *Winter* is the most important—likely success on the merits." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (citing *Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014) ("We begin with the first and most important factor:

2

whether petitioners have established a likelihood of success on the merits.")). If a plaintiff has failed to show a likelihood of success on the merits, the court need not consider the other three *Winter* elements. *Id.* (citing *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris,* 729 F.3d 937, 944 (9th Cir.2013) (internal citation omitted)).

When a plaintiff seeks a court order requiring another party to take affirmative action, the relief is treated as a "mandatory injunction," which requires the plaintiff to "establish that the law and facts clearly favor her position not simply that she is likely to succeed." *Id.* (citing *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 879 (9th Cir.2009)). The Ninth Circuit has cautioned that mandatory injunctions go "well beyond simply maintaining the status quo pendente lite [and] is particularly disfavored." *Id.* (citing *Stanley v. Univ. of S. Cal.,* 13 F.3d 1313, 1320 (9th Cir.1994)).

Plaintiff has failed to establish a likelihood of success on the merits because his Motion is solely based on conclusory allegations. He provides no legal authority to support his request, and thus falls well below the requirement to establish that the law and facts clearly favor his position. *Garcia*, 786 F.3d at 740 (internal citation omitted).

Moreover, although the Court need not consider the other factors, it notes that Plaintiff has also failed to establish a likelihood of irreparable harm. "The basis of injunctive relief in the federal courts is irreparable harm and inadequacy of legal remedies." *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League,* 634 F.2d 1197, 1202 (9th Cir. 1980). In effect, Plaintiff seeks monetary damages and production of his personnel file, the absence of which is preventing him from commencing work. (Docket No. 27.) Thus, he has not demonstrated that he would suffer irreparable harm without the injunction because monetary compensation may be awarded if he prevails on his claims.

Accordingly, Plaintiff's Motion for Preliminary Injunction is **DENIED**.

///
///
///

**B.     Motion for Appointment of Counsel[1]**

Plaintiff also moves for the appointment of counsel, asserting that he has a meritorious claim, but is unable find an attorney to represent him "on terms that [he] can afford." (Docket No. 37 at 1.) Plaintiff was previously represented by an attorney, but he indicates his former attorney withdrew after Plaintiff was unable to pay his fees. (*Id.* at 9.) He also contacted five other attorneys or firms, three of which were not retained because he could not afford to pay the deposit; the other two were not retained because they did not specialize in his type of claims. (*Id.* at 3, 9.)

Courts have discretion to appoint counsel for indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Terrell*, 935 F.2d at 1017 (9th Cir. 1991) (internal citations omitted); *see also Bradshaw*, 662 F.2d at 1318. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (internal citations omitted).

///

---

[1] Plaintiff technically filed two separate requests for appointment of counsel, one pursuant to 28 U.S.C. § 1915(e)(1), and one pursuant to 42 U.S.C. 2000e 5(f)(1). (Docket No. 73.) However, because the Court's determination is based on essentially the same analysis, the Court treats the two motions as a single motion. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) ("A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."); *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981) (appointment of counsel pursuant to the 1964 Civil Rights Act requires a court to assess "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit.") (internal citations omitted).

1    At this time, the Court cannot say there is any likelihood of success on the merits.
2  First, Plaintiff's Complaint acknowledges his claims may be barred by the statute of
3  limitations as it requests the Court "allow equitable tolling of the statute of limitations."
4  (Compl. at 12.) Second, although Plaintiff marked that his Equal Opportunity
5  Commission Right-to-Sue Letter did not show the Commission found "no reasonable
6  cause" to believe the allegations made in the charge were true, he did not attach the letter
7  to his request for appointment of counsel. Moreover, Plaintiff fails to demonstrate an
8  inability to represent himself beyond the ordinary burdens encountered by plaintiffs
9  representing themselves pro se.
10   Therefore, the Court finds that the exceptional circumstances required for the
11 appointment of counsel are not present. Plaintiff's Motion is **DENIED**.

## C.  Motion to Amend Complaint

Finally, Plaintiff moves to amend his complaint, attaching his proposed First Amended Complaint ("FAC") and supporting exhibits. (Docket No. 39.)

Before trial, and after the time has elapsed for which a party may amend its pleading as a matter of course, Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that: "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Leave to amend under Rule 15(a)(2) should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).

Courts consider "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment" in deciding whether justice requires granting leave to amend under Rule 15. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 370 U.S. 178, 182 (1962)). Although each factor may warrant consideration, "prejudice to the opposing party . . . carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052.

Plaintiff's Motion to Amend lacks any explanation as to why he should be granted leave. Instead, in a single paragraph, Plaintiff reiterates his claims for reliefs. (Docket

No. 39 at 3.) Additionally, Plaintiff's proposed FAC fails to satisfy Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). Facially, Plaintiff's proposed 119-page FAC is nearly twice as long as the operative 61-page Complaint, not including the additional 219 pages of supporting exhibits.[2] (*Compare* Docket Nos. 1, 39.) Substantively, Plaintiff's Complaint contains various accusations and legal conclusions spanning multiple time frames, and it is unclear whether he has stated a claim for relief. Fed. R. Civ. Proc. 8(a)(2). Therefore, he has not met Rule 15(a)(2)'s requirement to obtain consent to amendment by the opposing parties, or demonstrated why justice requires the Court to grant him leave. Fed. R. Civ. P. 15(a)(2). Accordingly, Plaintiff's Motion to Amend Complaint is **DENIED**.

## CONCLUSION

Plaintiff's Motions for Preliminary Injunction, Appointment of Counsel, and to Amend Complaint are **DENIED**. Defendants shall file their answer, or otherwise respond to Plaintiff's Complaint (docket no. 1) within **twenty-one (21) days** of this Order.

**IT IS SO ORDERED.**

DATED: March 3, 2017

HON. ROGER T. BENITEZ
United States District Judge

---

[2] The Court further notes Plaintiff did not provide "a version of the proposed amended pleading that shows---through redlining, underlining, strikeouts, or other similarly effective typographic methods---how the proposed amended pleading differs from the operative pleading," as required by Civil Local Rule 15.1.b.